STEVEN M. GOLDSOBEL (State Bar No. 166405)
VANDAD KHOSRAVIRAD (State Bar No. 253703)
LAW OFFICES OF STEVEN GOLDSOBEL,
A PROFESSIONAL CORPORATION
1901 Avenue of the Stars, Suite 1750
Los Angeles, CA 90067
Telephone: (310) 552-4848
Facsimile: (310) 695-3860
Email:  steve@sgoldsobel.com
Email:  vandad@sgoldsobel.com

Attorneys for Defendant
Steven Schultz

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re | ) Case No. 2:19-bk-23085-BB |
| YOUTH POLICY INSTITUTE, INC., | ) |
| Debtor. | ) Chapter 7 |
| | ) Adv. No.  2:21-ap-01221-BB |
| JASON M. RUND, Chapter 7 Trustee | ) |
| Plaintiff, | ) **DEFENDANT STEVEN** |
| v. | ) **SCHULTZ'S ANSWER AND** |
| | ) **AFFIRMATIVE DEFENSES TO** |
| DIXON SLINGERLAND; STEVEN | ) **COMPLAINT; DEMAND FOR** |
| SCHULTZ; SUZANNE STEINKE; | ) **JURY TRIAL** |
| SUZANNE M. STEINKE A | ) |
| PROFESSIONAL CORPORATION; | ) <u>Initial Status Conference:</u> |
| HILL MORGAN AND ASSOCIATES, | ) Date:  January 4, 2022 |
| LLP | ) Time:  2:00 p.m. |
| Defendants. | ) Place:  255 E. Temple St. |
| | )          Courtroom 1539 |
| | )          Los Angeles, CA 90012 |

Defendant STEVEN SCHULTZ ("DEFENDANT") hereby provides his Answer and Affirmative Defenses to the Chapter 7 Trustee's Adversary Complaint, with the paragraph numbers in the Answer corresponding to those in the Complaint.

1.      The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, DEFENDANT lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and, for that reason, denies them.

2.      DEFENDANT admits that Plaintiff is the Chapter 7 trustee of the Debtor's bankruptcy estate and admits that the Plaintiff brings his claims in his capacity as trustee and not in his individual capacity. The remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, DEFENDANT lacks sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, for that reason, denies them.

3.      DEFENDANT admits that Dixon Slingerland is an individual and worked at YPI as its CEO.  DEFENDANT does not have sufficient information to know whether Dixon Slingerland resides at 4247 Camellia Ave., Studio City, CA 91604.

4.      DEFENDANT lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, for that reason, denies them.

5.      DEFENDANT admits that he had the title of YPI's CFO and resides in Los Angeles, CA.

6.      DEFENDANT admits that Hill, Morgan and Associates was an independent auditor for YPI. DEFENDANT lacks sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, for that reason, denies them.

- 1 -

**DEFENDANT STEVEN SCHULTZ'S ANSWER TO COMPLAINT**

7.   As to Paragraph 7, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 7.

8.   As to Paragraph 8, DEFENDANT admits that YPI had its principal place of business in Los Angeles but is without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore denies the remaining allegations of Paragraph 8.

9.   As to Paragraph 9, DEFENDANT admits that YPI received funding from government grants but is without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore denies the remaining allegations of Paragraph 9.

10.   As to Paragraph 10, DEFENDANT admits that Slingerland was the President and CEO of YPI, but DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore denies the remaining allegations of Paragraph 10.

11.   As to Paragraph 11, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 11.

12.   As to Paragraph 12, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 12.

**DEFENDANT STEVEN SCHULTZ'S ANSWER TO COMPLAINT**

13.     As to Paragraph 13, the allegations call for legal conclusions, and on that basis, DEFENDANT denies the allegations in contained in Paragraph 13.

14.     As to Paragraph 14, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 14.

15.     As to Paragraph 15, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 15.

16.     DEFENDANT admits that YPI was required to disclose certain aspects of executive compensation, but as to the remainder of Paragraph 16, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore denies the remaining allegations of Paragraph 16.

17.     As to Paragraph 17, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 17.

18.     As to Paragraph 18, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 18.

19.     As to Paragraph 19, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 19.

**DEFENDANT STEVEN SCHULTZ'S ANSWER TO COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

20.    As to Paragraph 20, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 20.

21.    DEFENDANT admits that Armanino LLP was YPI's auditor for the 2017-2018 fiscal year, but DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint and therefore denies the remaining allegations of Paragraph 21.

22.    As to Paragraph 22, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 22.  DEFENDANT denies the portion of Paragraph 22 that implies that DEFENDANT was not aware of the issues prior to Armanino's notice.

23.    DEFENDANT admits Paragraph 23, but DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint concerning Mr. Slingerland's alleged unsatisfactory responses and documentation and the Special Committee's alleged expansion of its review to the period of 2014 through 2019 and therefore denies these allegations.

24.    DEFENDANT admits Paragraph 24.

25.    DEFENDANT admits in Paragraph 25 that the DOE made findings, but DEFENDANT denies the findings of the DOE.

26.    As to Paragraph 26, DEFENDANT admits that DOE made such findings, but DEFENDANT denies the findings of the DOE.

27.    As to Paragraph 27, DEFENDANT admits that DOE made such findings, but DEFENDANT denies the findings of the DOE.

**DEFENDANT STEVEN SCHULTZ'S ANSWER TO COMPLAINT**

28.    As to Paragraph 28, DEFENDANT admits that DOE placed YPI on a "route payment" status, but DEFENDANT denies the remainder of Paragraph 28.

29.    As to Paragraph 29, DEFENDANT admits that Armanino made a report, but DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint and therefore denies the remaining allegations of Paragraph 29.

30.    As to Paragraph 30, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 30.

31.    As to Paragraph 31, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 31.

32.    As to Paragraph 32, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 32.

33.    As to Paragraph 33, YPI's Bylaws speak for themselves.

34.    As to Paragraph 34, the allegations call for a legal conclusion and the Bylaws speak for themselves, and on that basis, DEFENDANT denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.    As to Paragraph 35, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 35.

**DEFENDANT STEVEN SCHULTZ'S ANSWER TO COMPLAINT**

36.    As to Paragraph 36, the IRS Form 990 filings speak for themselves, and DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 36.

37.    As to Paragraph 37, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 37.

38.    As to Paragraph 38, IRS 990 speaks for itself, as does Armanino's audit, and therefore, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 38.

39.    As to Paragraph 39, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 39.

40.    As to Paragraph 40, the Impact Report speaks for itself. DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 40.

41.    DEFENDANT admits Paragraph 41, but DEFENDANT lacks information about whether the grant was over $15 million in the fiscal year 2017-2018 and therefore denies that portion of Paragraph 41.

42.    DEFENDANT admits Paragraph 42.

43.    As to Paragraph 43, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Complaint and therefore denies the allegations of

**DEFENDANT STEVEN SCHULTZ'S ANSWER TO COMPLAINT**

Paragraph 43.

44.    As to Paragraph 44, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 44.

45.    As to Paragraph 45, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 45.

46.    As to Paragraph 46, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 46.

47.    DEFENDANT admits Paragraph 47.

48.    As to Paragraph 48, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 48.

49.    As to Paragraph 49, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 49.

50.    As to Paragraph 50, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 50.

51.    As to Paragraph 51, DEFENDANT is without sufficient knowledge or

**DEFENDANT STEVEN SCHULTZ'S ANSWER TO COMPLAINT**

information so as to form a belief as to the truth of the allegations contained in Paragraph 51 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 51.

52.    As to Paragraph 52, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 52.

53.    As to Paragraph 53, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 53.

54.    As to Paragraph 54, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 54.

55.    As to Paragraph 55 DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 55.

56.    As to Paragraph 56, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 56.

57.    As to Paragraph 57, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 57.

58.    As to Paragraph 58, DEFENDANT is without sufficient knowledge or

**DEFENDANT STEVEN SCHULTZ'S ANSWER TO COMPLAINT**

information so as to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 58.

59.    As to Paragraph 59, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 59.

60.    As to Paragraph 60, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 60.

61.    As to Paragraph 61, DEFENDANT reincorporates and realleges its responses to Paragraphs 1-60.

62.    As to Paragraph 62, DEFENDANT admits that he voluntarily undertook the duties and responsibilities of being YPI's CFO, denies that he was a director, and is without sufficient knowledge to admit or deny the remainder of the allegations in Paragraph 62 and must therefore deny the remaining allegations of Paragraph 62.

63.    As to Paragraph 63, DEFENDANT denies as to Schultz but is without sufficient knowledge to admit or deny the remainder of the allegations in Paragraph 63 as to Slingerland and must therefore deny the remaining allegations of Paragraph 63.

64.    As to Paragraph 64, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 64 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 64.

65.    As to Paragraph 65, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in

**DEFENDANT STEVEN SCHULTZ'S ANSWER TO COMPLAINT**

Paragraph 65 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 65.

66.     As to Paragraph 66, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 66 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 66.

67.     As to Paragraph 67, DEFENDANT reincorporates and realleges its responses to Paragraphs 1-66.

68.     As to Paragraph 68 DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 68 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 68.

69.     As to Paragraph 69, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 69 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 69.

70.     As to Paragraph 70, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 70 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 70.

71.     DEFENDANT reincorporates and realleges its responses to Paragraphs 1-70.

72.     As to Paragraph 72 DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 72 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 72.

73.     As to Paragraph 73, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in

**DEFENDANT STEVEN SCHULTZ'S ANSWER TO COMPLAINT**

Paragraph 73 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 73.

74.    As to Paragraph 74 DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 74 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 74.

75.    As to Paragraph 75, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 75 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 75.

76.    DEFENDANT admits that he was the CFO of YPI during a specific point in time, but DEFENDANT denies the remainder of Paragraph 76.

77.    DEFENDANT denies Paragraph 77.

78.    DEFENDANT denies Paragraph 78.

79.    DEFENDANT denies Paragraph 79.

80.    DEFENDANT denies Paragraph 80.

81.    As to Paragraph 81, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 81 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 81.

82.    DEFENDANT reincorporates and realleges its responses to Paragraphs 1-81.

83.    As to Paragraph 83, DEFENDANT admits that YPI is a non-profit public benefit corporation, but the remaining allegations of Paragraph 83 call for a legal conclusion, and on that basis, DEFENDANT denies paragraph 83.

84.    As to Paragraph 84, DEFENDANT admits that YPI received charitable contributions, but DEFENDANT is without sufficient knowledge or

**DEFENDANT STEVEN SCHULTZ'S ANSWER TO COMPLAINT**

1    information to admit or deny the remaining allegations in Paragraph 84, and on

2    that basis, DEFENDANT must deny the remaining allegations in Paragraph 84.

3        85.    As to Paragraph 85, DEFENDANT is without sufficient knowledge or

4    information so as to form a belief as to the truth of the allegations contained in

5    Paragraph 85 of Plaintiff's Complaint and therefore denies the allegations of

6    Paragraph 85.

7        86.    DEFENDANT denies Paragraph 86.

8        87.    As to Paragraph 87, DEFENDANT denies as to Schulz and is without

9    sufficient knowledge or information so as to form a belief as to the truth of the

10    remaining allegations contained in Paragraph 87 of Plaintiff's Complaint and

11    therefore denies the balance of the allegations of Paragraph 87.

12        88.    As to Paragraph 88, DEFENDANT is without sufficient knowledge or

13    information so as to form a belief as to the truth of the allegations contained in

14    Paragraph 88 of Plaintiff's Complaint and therefore denies the allegations of

15    Paragraph 88.

16        89.    As to Paragraph 89, DEFENDANT is without sufficient knowledge or

17    information so as to form a belief as to the truth of the allegations contained in

18    Paragraph 89 of Plaintiff's Complaint and therefore denies the allegations of

19    Paragraph 89.

20        90.    DEFENDANT reincorporates and realleges its responses to

21    Paragraphs 1-89.

22        91.    As to Paragraph 91, DEFENDANT is without sufficient knowledge or

23    information so as to form a belief as to the truth of the allegations contained in

24    Paragraph 91 of Plaintiff's Complaint and therefore denies the allegations of

25    Paragraph 91.

26        92.    As to Paragraph 92, DEFENDANT is without sufficient knowledge or

27    information so as to form a belief as to the truth of the allegations contained in

28    Paragraph 92 of Plaintiff's Complaint and therefore denies the allegations of

**DEFENDANT STEVEN SCHULTZ'S ANSWER TO COMPLAINT**

Paragraph 92.

93.    As to Paragraph 93, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 93 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 93.

94.    As to Paragraph 94, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 94 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 94.

95.    DEFENDANT reincorporates and realleges its responses to Paragraphs 1-94.

96.    As to Paragraph 96, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 96 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 96.

97.    As to Paragraph 97, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 97 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 97.

98.    As to Paragraph 98, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 98 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 98.

99.    As to Paragraph 99, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 99 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 99.

**DEFENDANT STEVEN SCHULTZ'S ANSWER TO COMPLAINT**

100.   As to Paragraph 100, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 100 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 100.

101.   As to Paragraph 101, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 101 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 101.

102.   As to Paragraph 102, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 102 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 102.

103.   DEFENDANT reincorporates and realleges its responses to Paragraphs 1-102.

104.   As to Paragraph 104, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 104 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 104.

105.   As to Paragraph 105, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 105 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 105.

106.   As to Paragraph 106, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 106 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 106.

107.   As to Paragraph 107, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in

**DEFENDANT STEVEN SCHULTZ'S ANSWER TO COMPLAINT**

Paragraph 107 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 107.

108.    As to Paragraph 108, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 108 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 108.

109.    DEFENDANT reincorporates and realleges its responses to Paragraphs 1-108.

110.    As to Paragraph 110, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 110 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 110.

111.    As to Paragraph 111, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 111 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 111.

112.    As to Paragraph 112, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 112 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 112.

113.    As to Paragraph 113, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 113 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 113.

114.    DEFENDANT reincorporates and realleges its responses to Paragraphs 1-113.

115.    As to Paragraph 115, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in

**DEFENDANT STEVEN SCHULTZ'S ANSWER TO COMPLAINT**

Paragraph 115 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 115.

116.    As to Paragraph 116, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 116 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 116.

117.    DEFENDANT reincorporates and realleges its responses to Paragraphs 1-116.

118.    As to Paragraph 118, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 118 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 118.

119.    As to Paragraph 119, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 119 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 119.

120.    As to Paragraph 120, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 120 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 120.

121.    As to Paragraph 121, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 121 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 121.

122.    As to Paragraph 122, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 122 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 122.

**DEFENDANT STEVEN SCHULTZ'S ANSWER TO COMPLAINT**

123.    DEFENDANT reincorporates and realleges its responses to Paragraphs 1-122.

124.    As to Paragraph 124, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 124 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 124.

125.    As to Paragraph 125, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 125 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 125.

126.    As to Paragraph 126, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 126 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 126.

127.    As to Paragraph 127, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 127 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 127.

128.    As to Paragraph 128, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 128 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 128.

129.    As to Paragraph 129, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 129 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 129.

130.    As to Paragraph 130, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in

**DEFENDANT STEVEN SCHULTZ'S ANSWER TO COMPLAINT**

Paragraph 130 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 130.

131.   As to Paragraph 131, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 131 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 131.

132.   As to Paragraph 132, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 132 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 132.

133.   As to Paragraph 13, DEFENDANT is without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 133 of Plaintiff's Complaint and therefore denies the allegations of Paragraph 133.

## ADDITIONAL DEFENSES

DEFENDANT also pleads the following separate and affirmative defenses to the Complaint.  All such defenses are pleaded severally and in the alternative, do not constitute admissions of liability or that Plaintiff is entitled to any relief whatsoever, and do not waive any burden imposed on Plaintiff as a matter of law.

## FIRST SEPARATE AND ADDITIONAL DEFENSE
### (Fails to State a Claim for Relief)

The Complaint, and each of its causes of action against DEFENDANT, fails to state facts sufficient to constitute a cause of action.

## SECOND SEPARATE AND ADDITIONAL DEFENSE
### (Consent by Claimants)

Plaintiff is not entitled to recover from DEFENDANT based on the claims in the Complaint, and each purported cause of action alleged therein against DEFENDANT, because the Debtor, their board of directors, and/or their agents,

**DEFENDANT STEVEN SCHULTZ'S ANSWER TO COMPLAINT**

attorneys or representatives had actual, implied, or constructive knowledge of all acts and/or omissions alleged in the Complaint, and while conscious of those acts and/or omissions, Debtor, their board of directors and/or their agents, attorneys or representatives gave express or implied consent to all such alleged acts and/or omissions.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Waiver)

The Plaintiff and/or the Debtor and/or their agents, attorneys or representatives waived the right, if any, to pursue the Complaint, and each of its causes of action against DEFENDANT, by reason of Debtors' or their agents, attorneys or representatives' own actions and course of conduct.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Unjust Enrichment)

Plaintiff may not recover damages in this action because under the circumstances presented, such a recovery would constitute unjust enrichment.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Laches)

The Complaint, and each of its causes of action against DEFENDANT, is barred by the doctrine of laches.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Estoppel)

The Complaint and the causes of action contained therein are barred, in whole or in part, by the doctrine of estoppel due to the Plaintiff and or Debtor's or their agents, attorneys or representatives' own actions or omissions.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Proximate Causation)

The Complaint, and each of its causes of action against DEFENDANT, is barred, in whole or in part, because any alleged injuries or damages were not

**DEFENDANT STEVEN SCHULTZ'S ANSWER TO COMPLAINT**

legally or proximately caused by any acts or omissions of DEFENDANT or for which DEFENDANT is responsible, and/or were caused, if at all, by others for whose conduct DEFENDANT is not responsible.

### EIGHTH SEPARATE AND ADDITIONAL DEFENSE

**(Intervening or Superseding Cause)**

The alleged damages in the Complaint, if any, were the result of one or more intervening or superseding causes.

### NINTH SEPARATE AND ADDITIONAL DEFENSE

**(Reasonable Reliance by DEFENDANT)**

The purported claims against DEFENDANT are barred in whole or in part because any alleged actions or failures to act by DEFENDANT were based upon the advice, information, opinions, reports, or statements presented by the Debtor or its agents, attorneys or representatives.

### TENTH SEPARATE AND ADDITIONAL DEFENSE

**(No Reliance)**

Debtor did not reasonably, justifiably, or rationally rely on any purported conduct or statements by DEFENDANT.

### ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

**(Contrary to Public Policy)**

Plaintiff's claims and the relief requested in the Complaint are barred as contrary to public policy.

### TWELFTH SEPARATE AND ADDITIONAL DEFENSE

**(Mitigation of Damages)**

Plaintiff's recovery is barred, in whole or in part, to the extent Debtor failed to take reasonable action to mitigate damages.

**DEFENDANT STEVEN SCHULTZ'S ANSWER TO COMPLAINT**

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Offset)

The damages, if any, must be offset by the amounts owed by other third parties.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Punitive Damages Unconstitutional)

In the event punitive damages are alleged against DEFENDANT, Plaintiff is not entitled to recover any punitive damages, and any allegations in support of a claim for punitive damages should be stricken, because any award of punitive damages in this action would violate Defendant's constitutional rights under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution, as well as other provisions of the United States Constitution and the California Constitution.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Statute of Limitations)

The Complaint, and each of its causes of action against DEFENDANT, is barred in whole or in part by all applicable statutes of limitation.

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Actions Taken in Good Faith)

Plaintiff's claims are barred because DEFENDANT's actions regarding the subject matters alleged in the Complaint, to the extent that they were taken at all, were undertaken in good faith, and were lawful, privileged, and justified.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Lack of Standing)

Plaintiff's claims are barred because Plaintiff does not have standing to pursue the alleged claims in the Complaint.

**DEFENDANT STEVEN SCHULTZ'S ANSWER TO COMPLAINT**

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Fraud and Bad Faith)

DEFENDANT is informed and believes and, on that basis, alleges that Debtor's board of directors or its agents, attorneys or representatives, other than DEFENDANT, acted in bad faith and/or fraudulently in connection with the acts and events alleged in the Complaint, and this bad faith and/or fraudulent conduct extinguishes or, at a minimum, reduces any damages sought in any of the alleged causes of action.

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Ratification)

DEFENDANT is informed and believe and thereupon allege that the Debtor or its board of directors, or agents, attorneys or representatives knew of and ratified the acts of DEFENDANT, to the extent that they were taken at all, as alleged in the Complaint.

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

### (No Attorneys' Fees)

Plaintiff has failed to allege facts sufficient to support its claim for attorneys' fees, and Plaintiff is not entitled to recover attorneys' fees in this action.

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Speculative Damages)

Plaintiff is barred from any recovery against DEFENDANT based on the claims in the Complaint, and each purported cause of action alleged therein against DEFENDANT, because the alleged damages, if any, are based on guesswork, speculation, and conjecture.

## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Comparative Fault)

Debtor or other defendants or third parties, other than this DEFENDANT, caused or contributed to the damages alleged by Plaintiff. Therefore, any award

**DEFENDANT STEVEN SCHULTZ'S ANSWER TO COMPLAINT**

made in favor of the Plaintiff in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the complaint.

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Contributory Negligence)

If Debtor suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the conduct, acts, omissions, activities, carelessness, negligence, and/or intentional misconduct of Plaintiff, through the actions of its Board of Directors, attorneys, accountants, and other agents responsible for the well-being of Debtor.

## RESERVATION OF RIGHTS

DEFENDANT has alleged the defenses of which he is currently aware. DEFENDANT does not knowingly or intentionally waive any applicable defenses and reserves the right to raise additional defenses as they become known through discovery or to retract defenses that lack support following discovery. DEFENDANT reserves the right to amend his Answer accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests that the Court enter judgment as follows:

A.    That Plaintiff take nothing by way of the Complaint; and

B.    For such further relief as the Court may deem appropriate.

Respectfully submitted,

Dated:    February 24, 2022    LAW OFFICES OF STEVEN
GOLDSOBEL, A PROFESSIONAL
CORPORATION

By:  _/s/ Steven M. Goldsobel_
STEVEN M. GOLDSOBEL
VANDAD KHOSRAVIRAD
Attorneys for Defendant
STEVEN SCHULTZ

**DEFENDANT STEVEN SCHULTZ'S ANSWER TO COMPLAINT**

1

## DEMAND FOR JURY TRIAL

Pursuant to 28 U.S.C. § 157(e) and Bankruptcy Rule 9015, DEFENDANT

demands a trial by jury in accordance with Fed. R. Civ. P. 38(b).


Dated:    February 24, 2022          LAW OFFICES OF STEVEN
                                     GOLDSOBEL, A PROFESSIONAL
                                     CORPORATION

                                     By:    /s/ Steven M. Goldsobel
                                         STEVEN M. GOLDSOBEL
                                         VANDAD KHOSRAVIRAD
                                         Attorneys for Defendant
                                         STEVEN SCHULTZ

**DEFENDANT STEVEN SCHULTZ'S ANSWER TO COMPLAINT**